Mr. Justice Thacher
delivered the opinion of the court.
Appeal from the probate court of Jefferson county.
The appellees filed a petition in the probate court setting out that they and the appellant were jointly administrators ad colligendum of the estate of Stephen Compton, deceased; that they had exhibited to appraisers, duly appointed, all the personal estate of their intestate, which had come into their possession; that their co-administrator ad colligendum, the appellant, had in his possession a large amount of personal property belonging to the estate of their intestate, which he refuses to permit to be placed upon the inventory of the estate, and which they allege was merely loaned to him during the lifetime of the intestate, but which he insists is his own property. To their petition the appellant filed a plea to the jurisdiction of the probate court, which *198 was overruled by the court, and the appellant decreed to answer the petition.
Under circumstances very similar to those of this case, this court has decided, that the probate court has jurisdiction of the matter, and power to compel a full inventory to be filed. Killcrease v. Killcrease's Ex., 7 How. 316. If the property in question be a part of the assets of the intestate’s estate, the probate court has full power to compel it to be added to the inventory, and, of course, can go into the inquiry to ascertain that fact. The appellant in his answer, may assert his claim of title, and enjoy the benefit of an issue to the circuit court, whereby the whole merits of his title can be made to receive full investigation. It is to be noticed, that this is a case of controversy between parties in the administration, and unlike the case of Holleman v. Holleman, decided at this term of this court, where one of the parties was a stranger to the administration.
Judgment affirmed.